**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50111 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-02629-LAB |
| v. | |
| LEOPOLDO GONZALEZ-HURTADO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Leopoldo Gonzalez-Hurtado appeals from the 57-month sentence imposed

following his guilty-plea conviction for importation of cocaine, in violation of 21

U.S.C. §§ 952 and 960, and aiding and abetting, in violation of 18 U.S.C. § 2. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Gonzales-Hurtado contends that the district court erred by denying a minor-role adjustment under the Sentencing Guidelines because it: 1) failed to compare him to other likely participants in the scheme; and 2) incorrectly determined that he had not met his burden of showing that he was substantially less culpable than the other participants in the scheme. The record reflects that the district court properly considered Gonzales-Hurtado's "culpability relative to the involvement of other likely actors" in the criminal scheme. *See United States v. Rojas-Millan*, 234 F.3d 464, 473-474 (9th Cir. 2000). Additionally, under the facts of the case, the district court did not clearly err by denying the adjustment. *See United States v. Cantrell*, 433 F.3d 1269, 1282-84 (9th Cir. 2006); *see also United States v. Lui*, 941 F.2d 844, 849 (9th Cir. 1991) (stating that a defendant "may be a courier without being either a minimal or a minor participant," and that "possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction").

**AFFIRMED.**

09-50111